A. Franklin Mahoney, J.
The plaintiff commenced an interpleader action against the above-named defendants and in connection therewith secured a temporary restraining order, enjoining defendant William A. R. Harkness, Sheriff of the County of Rensselaer, from seizing certain funds on deposit in plaintiff bank. The undersigned converted the inter-pleader action into a special garnishment proceeding, and set a hearing for February 14, 1975. (CPLR 103, subd [c]; CPLR *660 5225, subd [b]; CPLR 5239.) Thus, the court is called upon to determine adverse claims to a specific fund.
Defendant, First Merrick Construction Corp. (Merrick) is a judgment creditor, pursuant to a judgment obtained against the Troy Housing Authority (Authority) and filed in the Rensslaer County Clerk’s Office on May 30, 1973, and, as such, claims to be entitled to the sum of $38,444, which amount it is attempting to have satisfied from funds on deposit in plaintiff bank to the credit of the Authority.
In November of 1969 the defendant, Authority, and defendant, Merrick, entered into a contract for construction of low-rent housing in the City of Troy, New York. This agreement, incorporated by reference, an annual contributions contract, dated June 17, 1960, and subsequent amendments entered into by the Authority and the United States of America. In November of 1971 the Authority and Merrick executed a modification agreement to the November, 1969 contract, which provided, in part, that any award made in favor of Merrick shall not be binding upon the Authority unless said award is approved by the Department of Housing and Urban Development. No such approval has been forthcoming from the Department of Housing and Urban Development.
In connection with the contractual arrangements between the Authority and the United States, the Authority passed certain bond resolutions, and made, executed and delivered bonds, temporary notes and permanent notes to the United States Housing Authority. One such instrument is an advance note, in the amount of $1,848,075, dated March 12, 1969, which, in pertinent part, states:
"The full faith and credit of the Local Authority are hereby pledged for the payment of the principal of and interest on this Note.
"This Note, together with all other notes issued pursuant to the Resolution with respect to the above-designated Project, is additionally secured by (1) a first pledge of a specific portion of the annual contributions payable to the Local Authority and authorized to be pledged to the payment of such Notes and the interest thereon, pursuant to the Annual Contributions Contract and (2) a first pledge of and lien on the Residual Receipts (as defined in the Annual Contributions Contract) of such Project.
"As additional security for the equal and ratable payment of the principal of and interest on this Note, together with all *661 other notes issued pursuant to the Resolution with respect to the above-designated Project, the Local Authority, to the fullest extent permitted by the laws of the State, hereby pledges, mortgages, conveys and grants, and by this Note and the Resolution has pledged, mortgaged, conveyed and granted unto the Government, its interest in all the real and tangible personal property wheresoever situated which it has acquired or may hereafter acquire in connection with or relating to the above-designated Project (i.e., Project NY-12-6).”
Next, in connection with the afore-described advance note, and as security therefor, the Authority executed a declaration of trust which was filed with the Rensselaer County Clerk on April 25, 1973. In pertinent part, it provides as follows:
"The Local Authority hereby declares and acknowledges that during the existence of the trust hereby created, the Government and the holders from time to time of the Bonds, Refunding Bonds, or Permanent Notes issued or to be issued pursuant to the provisions of the Annual Contributions Contract, have been granted and are possessed of an interest in the above-described Project property, To Wit: Project No. NY 12-6.
"The right to require the Local Authority to remain seized of the title to said property and to refrain from transferring, conveying, assigning, leasing, mortgaging, pledging, or otherwise encumbering or permitting or suffering any transfer, conveyance, assignment, leasing, mortgage, pledge or other encumbrance of said property or any part thereof, appurtenances thereto, or any rent, revenues, income or receipts therefrom or in connection therewith, or any of the benefits or contributions granted to it by or pursuant to the Annual Contributions Contract, or any interest in any of the same”.
Since the date of the advance note and the date and time of filing of the declaration of trust antedate the entry of Merrick’s judgment, it is the contention of the United States that it has a perfected security interest prior in time to that of Merrick and not subject to any provisions of this State’s Uniform Commercial Code. The position of the United States is that its security interest is derived from title 42 (§ 1410, subd [f]) of the United States Code, and section 47 of the New York Public Housing Law.
It is the contention of Merrick that neither title 42 (§ 1410, subd [f]) of the United States Code nor section 47 of the New York Public Housing Law creates any security interest in the *662 United States superior to it. Merrick argues that since section 1401 et seq. of title 42 of the United States Code does not specify the method by which the United States can acquire pledges and, further, since section 47 of the New York Public Housing Law likewise does not provide the method by which a State authority may create a security interest in its property and, further, since section 47 is permissive in nature, further action on the part of the Authority is contemplated by both Federal and State law, and no such action was forthcoming that created the superior lien relied upon by the United States.
In my view, the contentions of Merrick rest upon a misreading of the appropriate and applicable statutory provisions. The Authority was created by legislative fiat, enacted on April 24, 1957. (Public Housing Law, art XIII, § 421.) Section 421 provides, in part, that the Authority "shall have all the powers and duties now or hereafter conferred by this chapter upon municipal housing authorities.” Accordingly, the Authority has the power delegated to it by section 47 of the New York Public Housing Law. Section 47, in part, provides:
"1. In connection with the issuance of bonds or the incurring of an obligation, and to secure the payment of such bonds or obligations, an authority, in addition to its other powers, may: (a) Pledge, covenant to pledge, or covenant against pledging, all or any part of its rents, fees, revenues, subsidies, grants or contributions to which its right then exists or may thereafter come into existence; covenant against permitting or suffering any lien thereon; it is the intention hereof that any pledge of revenues or other moneys made by the authority shall be valid and binding from the time when the pledge is made, that revenues or other moneys so pledged and thereafter received by an authority shall immediately be subject to the lien of such pledge without any physical delivery thereof or further act and that the lien of any such pledge shall be valid and binding as against all parties having claims of any kind in tort, contract or otherwise against the authority, irrespective of whether such parties have notice thereof; [emphasis added]; (b) Mortgage, covenant to mortgage or covenant against mortgaging, all or any part of its property, real or personal, then owned or thereafter acquired; covenant against permitting or suffering any lien thereon; * * *
*663 "2. In case of conflict between this section and article nine of the uniform commercial code, this section shall control.”
In furtherance of the powers delegated to. it by the above-cited provisions of section 47 the Authority did, on March 12, 1969, execute and deliver to the United States an advance note, which provided, as hereinabove set forth, that said note is secured by a pledge of a specific portion of the Annual Contributions Contract payable to the Authority and authorized to be pledged to the payment of said note and, further, that said advance note was to be secured by a first pledge of and lien on residual receipts of the low-cost housing project. Further, said advance note, as additional security, pledged, mortgaged, conveyed and granted unto the Government its interest in all the real and tangible personal property owned or to be owned by the Authority. Next, the local Authority executed a declaration of trust and caused the same to be filed with the Rensselaer County Clerk’s Office on April 25, 1973. Said declaration acknowledged that the local Authority had, heretofore, pledged and thereby created a trust, in and to project property, which included rent revenues, annual contributions and other receipts. Such actions by the Authority pursuant to the powers delegated to it by section 47 of the New York Public Housing Law did in fact grant to the United States of America a security interest prior to everyone else in the world, including Merrick, and such security interest is incapable of being diminished by the provisions of the New York State Uniform Commercial Code. In fact, section 9-104 of the Uniform Commercial Code excludes the subject transactions between the local Authority and the United States from the operative provisions of the code.
In my view, the defendant, United States of America, Department of Housing and Urban Development, in accordance with the provisions of section 1401 et seq. of title 42 of the United States Code, and section 47 of the New York Public Housing Law, has established a perfected security interest, prior in time and by statutory authority, to the interest of Merrick, in all funds on deposit in the plaintiff, Union National Bank, in the account of the Authority (Federal projects).
Next, the contention of Merrick that the declaration of trust, heretofore identified, contains a covenant against alienation of the corpus of the trust created and is, therefore, void, is without merit. The decisional law of this State no longer *664 forbids inalienability of principle, in the absence of statute, when the purpose of such restraint is to protect the beneficiary. (Matter of Vought, 25 NY2d 163, 173.)
Similarly, Merrick’s position that since the bank deposits to the credit of the Authority have been pledged to the United States as a bondholder, the said pledge is fraudulent as to Merrick, a judgment creditor, is meritless. Since all expenditures by the Authority, except to reduce bond or note principals, must have the prior approval of the United States, leave by the latter to permit necessary expenditures by the Authority immunizes those expenditures from the charge of being fraudulent conveyances.
Finally, Merrick’s contention that section 47 of the New York Public Housing Law is unconstitutional, is without merit and discussion of the same would unduly lengthen this opinion.
Accordingly, judgment, in accordance with CPLR 5011 and 5231, is directed to be entered vacating the levy placed against said account by the Sheriff of Rensselaer County, on behalf of Merrick.